IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
DELTA DIVISION

JAMES ALFRED THOMAS                                                                  PETITIONER

V.                                                         CIVIL ACTION NO.2:04CV335-WAP-JAD

ATTORNEY GENERAL OF
THE STATE OF MISSISSIPPI                                                            RESPONDENT

## REPORT AND RECOMMENDATION

The respondent has moved to dismiss the petition for writ of habeas corpus for failure to exhaust state remedies(Doc 8).

This case involves a pretrial petition for writ of habeas corpus. The petitioner is being held pending trial on charges of murder or manslaughter in the death of his elderly mother in DeSoto County, Mississippi. By his petition he seeks dismissal of the charges against him for failure to "indict him and try him." His pro se petition also complains that he is ready to go to trial and wishes to have a prompt trial. He is accused of assaulting his mother on October 30, 2003. His mother died on November 1, 2003. A review of the record, along with the updated docket of the Circuit Court of DeSoto County, attached hereto as Exhibit A, shows that the petitioner was indicted on these charges on December 16, 2003. He is represented by court appointed counsel in the state court action. There has been a pretrial scheduling order and discovery. The court, on a defense motion, ordered the mental evaluation of the petitioner. According to the updated docket, an order was entered by the circuit court in April, 2005 setting the case for trial on June 20, 2005.

As a pretrial petition for habeas corpus, the case is controlled by 28 U.S.C. § 2241. There are two requirements for pretrial habeas under this section. The petitioner must be in custody and

the custody must be "in violation of the Constitution or laws or treaties of the United States" 28 U.S.C. § 2241(c)(3). The courts have however imposed a further condition, by case law, that state court remedies first be exhausted at least in the absence of "special circumstances." *Dickerson v Louisiana*, 816 F. 2d 220(5th Cir. 1987). While ,

> "[S]ection 2241 establishes jurisdiction in the federal courts to consider pre-trial habeas corpus petitions, federal courts should abstain from the exercise of that jurisdiction if the issues raised in the petition may be resolved either by trial on the merits in the state court or by other state procedures available to the petitioner." *Id*. at 225.

The doctrine was judicially crafted based on federalism grounds to allow state courts to process criminal cases without undue federal interference; to allow the state courts to initially address constitutional issues; and to deter any attempt to use federal habeas proceedings as a vehicle to disrupt, sidetrack or abort state criminal cases.

The United States Supreme Court in *Braden v 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 93 S.Ct. 1123, 35 L. Ed. 443(1973) addressed when federal court intervention by pretrial writ of habeas corpus would be appropriate and when it would not be appropriate. When there is a current denial of the right to a speedy trial and the petition seeks to compel the state to bring the criminal defendant to trial, the issuance of a writ may well be appropriate. Where the petition seeks to defeat and abort criminal proceedings due to an alleged past denial of speedy trial rights, and to have the federal determine pretrial the merits of this affirmative defense, the courts should decline jurisdiction.

In this case the petition explicitly seeks to defeat the criminal charges asking for dismissal for alleged violation of the petitioner's speedy trial rights. Liberally construed it also seeks to compel the state to bring him to trial. In the first instance, under the holdings in *Braden* and

2

*Dickerson*, the petitioner should be required to exhaust his state remedies. He must initially assert his defense to the state court criminal charges in the state court. In the latter instance, under *Dickerson* the petitioner should at least be required to seek a speedy trial in the state court, before being allowed to proceed on a federal petition. Here the petitioner has not asked the state court for a speedy trial and therefore not exhausted state remedies. Additionally the state court's order setting the matter for trial has mooted the petition's request to compel trial.

Finally the court must consider whether there are "special circumstances" which would justify the court adjudicating the petitioner's affirmative defense prior to trial in the state system. The record reveals no circumstance other than the alleged denial of speedy trial rights. The Fifth Circuit Court of Appeals decision in *Dickerson* determines this issue. In that case the court declined to accept a contention that the sixth amendment right to a speedy trial constituted a per se "special circumstance." Therefore no special circumstances exist in this case to warrant an exception to the requirement of exhausting state remedies.

It is therefore recommended that the petition be dismissed without prejudice for failure to exhaust state remedies to the extent that it seeks dismissal of the murder/manslaughter charges. It is recommended that the petition, to the extent that it seeks to compel the state to try the petitioner, be dismissed without prejudice, both for the failure to exhaust state remedies and on the grounds of mootness.

The parties are referred to 28 U.S.C. 636(b)(1) and Local Rule 72.2(D) for the appropriate procedure in the event any party desires to file objections to these findings and recommendations. Objections are required to be in writing and must be filed within ten days of this date. Failure to file written objections to the proposed finding and recommendations contained in this report within ten

3

days from the date of filing will bar an aggrieved party from challenging on appeal both the proposed factual findings and the proposed legal conclusions accepted by the district court *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

Petitioner is directed to acknowledge receipt of this report and recommendation by signing the enclosed acknowledgment form and returning it to the court within ten days of this date. Petitioner is warned that failure to comply with the requirements of this paragraph may lead to the dismissal of this lawsuit under F.R.Civ.P. 41(b) for failure to prosecute and for failure to comply with an order of the court.

This the 20th day of May, 2005.

/s/ JERRY A. DAVIS
UNITED STATES MAGISTRATE JUDGE